```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


JANET JANIS,                         )
                                     )
         Plaintiff,                  )
                                     )
    v.                               )
                                     )   No. 12 C 3016
WORKHORSE CUSTOM CHASSIS, LLC, and   )
BARRINGTON MOTOR SALES AND           )
SERVICE, INC.                        )
                                     )
         Defendants.                 )
```

## MEMORANDUM OPINION AND ORDER

Defendant Workhorse Custom Chassis, LLC ("Workhorse") removed this case to federal court two days before trial was set to begin in Cook County Circuit Court. Plaintiff Janet Janis and co-defendant Barrington Motor Sales and Service, Inc., ("Barrington") have moved to remand. They argue: (1) Plaintiff limited her damages under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act ("Magnuson-Moss Act"), 15 U.S.C. § 2301, et seq., so as to avoid federal jurisdiction; (2) Workhorse failed to secure Barrington's consent to removal; and (3) Workhorse's removal was not timely. For the reasons stated, the motion to remand is granted.

I.

Plaintiff initially filed suit in Cook County Circuit Court on Aug. 26, 2008. Named in the complaint were Workhorse,

Winnebago Industries, Inc., and Barrington.  The suit alleged that the recreational vehicle ("RV") Janis purchased from Barrington, Workhorse, and Winnebago had a defective fuel pressure regulator, and spilled gasoline in the passenger compartment of the RV.  Workhorse contends that it designed, but did not sell, the vehicle, which was built by Winnebago based on an incomplete vehicle it purchased from Workhorse.

In her initial four-count complaint, Janis specifically limited her damages under the Magnuson–Moss Act to no more than $49,999.  She did so in her amended complaint as well, although her second amended complaint (the operative complaint) does not include a specific limitation on damages.  Under the Magnuson-Moss Act, federal jurisdiction exists only for claims of $50,000 or more.  15 U.S.C. § 2310(d)(3)(B).

Winnebago was dismissed from the case with prejudice.  On March 6, 2012, the state court granted Barrington's motion for summary judgment on Plaintiff's state-law claim for revocation of acceptance, the only remaining claim against Barrington.  The court declined, however, to enter an order under Ill. Sup. Ct. R. 304(a) that would have made that ruling immediately appealable.

Plaintiff contends that she never removed her cap on damages, while Workhorse contends that she did so through her second set of proposed jury instructions, which Workhorse received on April 10, 2012.

The jury instruction at issue, proposed instruction No. 18, states:

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, *or revocation of acceptance damages, meaning return of the goods and return of the money.* (emphasis added).

Additionally, Plaintiff's proposed jury verdict form states the following alternatives for damages.

    a. Difference in value of the vehicle as represented and as it was on the date of sale;
    b. Alternatively, return of the purchase money;
    c. Aggravation and inconvenience.

Workhorse contends that these instructions expressed, for the first time, Plaintiff's intention to seek revocation of acceptance damages from it, and "plainly show" that she abandoned her self-imposed limit on recovery.[1] Notice of Removal, ¶ 17. On that basis, Workhorse filed a notice of removal on April 24, 2012.

Plaintiff argues that her proposed jury instructions did not give Workhorse a basis for removal because revocation is merely an alternative remedy for breach of warranty under the Magnuson-Moss Act and it was clear throughout the case that Plaintiff capped her damages under the Act at $49,999. Additionally, the parties dispute whether Workhorse's removal was

---

[1] Workhorse asserts that on April 16, 2012, it received another set of proposed instructions from Plaintiff that also included the revocation of acceptance theory.

3

timely and whether Barrington's consent to the removal was necessary, given that it had obtained summary judgment prior to the removal.

II.

Removal is proper if the case could have been originally brought in federal court. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). As noted above, what this means terms of the Magnuson-Moss Act is that the amount in controversy must be at least $50,000, exclusive of interest and costs. *Id.* (citing 15 U.S.C. § 2310(d)(3)).

When a defendant removes a case from state to federal court, it must establish by a preponderance of the evidence facts suggesting that the jurisdictional amount has been satisfied. *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 (7th Cir. 2011) (internal citations omitted). In determining whether this jurisdictional threshold has been met, I must evaluate the plaintiff's complaint and the record as a whole as of the time the case was removed. *Schimmer,* 384 F.3d at 404 (internal citations omitted).

The Seventh Circuit has instructed that in so doing, I should construe the removal statute narrowly and presume that the plaintiff may choose her own forum. *Higbee v. Malleris*, 470 F.

Supp. 2d 845, 849 (N.D. Ill. 2007) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

A notice of removal generally must be filed within 30 days after the defendant seeking removal receives the initial pleading setting forth the claim upon which such action is based. 28 U.S.C. § 1446(b)(1). That timeline is extended if a matter that was non-removable becomes removable by virtue of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Proposed jury instructions may be "other paper" for the purposes of this rule. See *Parker v. Cty. of Oxford*, 224 F. Supp. 2d 292, 294 (D. Me. 2002) (noting that other paper has been broadly interpreted to include "letters from opposing counsel, correspondence between parties, affidavits, proposed jury instructions, answers to interrogatories, motions for summary judgment, and documents produced in discovery.").

Typically, however, all defendants must consent to removal. *MB Financial, N.A. v. Stevens*, 678 F.3d 497, 499 (7th Cir. 2012) (citing 28 U.S.C. § 1446(b)(2)(A)). Nominal parties need not join in removal, however. *H.F. Vegter Excavation Co. v. Village of Oak Brook*, 790 F. Supp. 184, 186 (N.D. Ill. 1992).

III.

Under Illinois law, plaintiffs cannot include an *ad damnum* in their complaints except to the extent necessary to comply with the rules of the circuit court where the claim is filed. *See Jacobson v. Browne*, No. 11 C 4841, 2011 WL 6934829, at *2 (N.D. Ill. Dec. 29, 2011) (citing 735 ILCS 5/2-604). Despite this, Plaintiff originally included a limitation of $49,999 for her Magnuson-Moss claim. Although that proviso is not included in the second amended complaint, Plaintiff points to a Sept. 25, 2011, letter to Cook County Circuit Judge Allen Goldberg and copied to all counsel in the case in which she reiterated that she was limiting her damages under the Magnuson-Moss Act to $49,999, even though she estimated her claim to be worth more than $61,000. (Dkt. No. 25, Ex. C.) The parties also engaged in settlement discussions, and in an Oct. 10, 2011, letter documenting those discussions, counsel for Workhorse acknowledged the limitation on damages. (Dkt. No. 25, Ex. D.) Workhorse does not question that this limitation was in place until the receipt of the proposed jury instructions at issue here.

The Magnuson-Moss Act allows consumers to bring suit when they are damaged by the failure of a supplier, warrantor, or service contractor to comply with a written warranty, implied warranty, or service contract. *Schimmer,* 384 F.3d at 405 (internal citations omitted). Here, Plaintiff is bringing suit

against Workhorse for breach of implied warranty of merchantability. The Act allows consumers to enforce implied warranties by borrowing state law causes of action. *Id.* In such a case, courts must look to state law to determine the remedies available, which in turn informs the potential amount in controversy. *Id.* The measure of damages for breach of warranty is typically the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted. 810 ILCS 5/2-714(2); *see Razor v. Hyundai Motor Am.*, 854 N.E.2d 607, 626 (Ill. 2006). Illinois law also provides for revocation of acceptance under certain circumstances. *See* 810 ILCS 5/2-608, 5/2-711(1).

Plaintiff does not dispute that absent a limitation on damages, her damages under a revocation of acceptance theory could be more than the jurisdictional minimum. Damages under this theory are calculated using a formula: the price of a replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from its use. *Schimmer*, 384 F.3d at 405-06 (internal citations omitted). In this case, the price of the RV was $88,415. The present value of the RV, based on figures from plaintiff's appraiser, is at most $17,977, with the use value she

7

received from the vehicle $16,459. That means that her damages under this theory would be $53,979.[2]

But it is hardly clear from the record that by seeking damages under this alternate theory of recovery Plaintiff abandoned her long-standing limitation on damages. Based on her counsel's letter to Judge Goldberg, Plaintiff always asserted her actual damages under the Magnuson-Moss Act were greater than $50,000, but that she was voluntarily limiting her claim to $49,999. It is unclear why the addition of an alternate way to calculate damages should amount to an abandonment of that limitation. Plaintiff could have avoided any question by putting her limitation on damages in the jury instructions,[3] but the instructions do not seek a specific amount in damages, nor do they include a disavowal of the limitation that had been in place since the beginning of this case.[4] Additionally, Workhorse cites

---

[2] Plaintiff's appraiser revised his conclusion as to the value of the vehicle, ultimately finding that the defect made the RV worthless. Notice of Removal, at 6 n.2. This would increase the potential damages.

[3] Notably, Plaintiff's counsel has supplied evidence that Plaintiff served amended jury instructions including the limitation on April 25, 2012, the day after removal. Plaintiff's counsel asserts that he was unaware of the removal at that time, and I will accept his representation as an officer of the court.

[4] Plaintiff and her counsel have submitted affidavits stating that her cap on damages remained in place throughout the litigation and is still in place. Ordinarily, I would consider only the information available at the time of removal in determining jurisdiction. *See Chase*, 110 F.3d at 428. But when the facts available at the time of removal are ambiguous, I may consider information submitted after removal, such as an

8

no authority for the proposition that Plaintiff's limitation on damages was required to be included in the jury instructions, rather than being given effect by the trial court following the verdict.[5]

Workhorse has the burden of showing removability, and has failed to meet that burden. In light of this, I need not consider Plaintiff's and Barrington's alternative arguments for remand, but I note that Barrington's argument that its consent was required for removal is well-taken. Workhorse cites cases holding that dismissed defendants need not consent to removal, including *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993), *overruled on other grounds by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). However, the *Shaw*

---

affidavit by the plaintiff, in order to determine jurisdiction. *Jacobson*, 2011 WL 6934829, at *3 (internal citations omitted); see *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 2118726, at *2 (E.D. La. May 25, 2011) ("An affidavit, however, may suffice to defeat removal if it merely clarifies, rather than reduces, the demand asserted in a previously ambiguous petition.").

[5] Additionally, although neither Plaintiff nor Workhorse addresses it, I am uncertain as to whether revocation of acceptance is even a viable theory of recovery against Workhorse. Plaintiff argues that the Magnuson-Moss Act allows her to pursue this equitable remedy under state law. *See* 15 U.S.C. §2310(d)(1). But if, as Workhorse contends, it was a supplier or manufacturer of an incomplete vehicle and not a seller of the RV, Plaintiff is not entitled to pursue a revocation of acceptance theory. *See Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047, 1064-65 (Ill. 2007) (noting that revocation of acceptance "contemplates a buyer-seller relationship.").

court relied on the fact that a dismissed defendant was no longer subject to the jurisdiction of the state court. *Id.*

A summary judgment is not a dismissal, and Ill. Sup. Ct. R. 304(a) provides that in case involving multiple parties or multiple claims, a judgment as to one party is not immediately appealable unless the trial court makes a finding in writing that there is no just reason for delaying appeal or enforcement. In the absence of such a finding, the trial court retains jurisdiction over the entire action, including the power to revise the judgment at any time prior to the entry of a judgment adjudicating all the claims. *McDonald v. Health Care Serv. Corp.*, --- N.E. 2d ---, 2012 WL 2366402, at *3 (Ill. App. Ct. 2012). In this case, Barrington asserts that it opposes removal because it will delay the entry of a final order in its favor, and because it planned to pursue a motion for sanctions against Plaintiff in the state court. Given that Barrington was still subject to the jurisdiction of the trial court, its consent to removal was required. For all of these reasons, remand is appropriate.

Plaintiff and Barrington seek costs, expenses, and attorney's fees related to removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see Garbie v. DaimlerChrysler Corp.*, 211

F.3d 407, 409-10 (7th Cir. 2000). Bad faith is not required to obtain fee and costs under this statute because it is not a sanction, although an opponent's bad faith may strengthen the argument for costs. *Garbie*, 211 F.3d at 410. "Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." *Id.* at 411. In my discretion, I order Workhorse to pay fees and costs related to removal. I deny, however, Plaintiff's request for sanctions under 28 U.S.C. § 1927, as well as Plaintiff's pending motion for sanctions under Fed. R. Civ. P. 11.

IV.

For these reasons, Plaintiff's amended motion to remand (Dkt. No. 25) and Barrington's motion to remand (Dkt. No. 23) are granted. The parties shall meet and confer on the appropriate amount of costs and fees, and if necessary, Plaintiff and Barrington shall file a fee petition consistent with the requirements of Local Rule 54.3. Workhorse's pending motion for summary judgment (Dkt. No. 6) is denied as moot, as is Plaintiff's original motion to remand. (Dkt. No. 19) Plaintiff's motion for sanctions (Dkt. No. 32) is denied.

**ENTER ORDER:**

                                      _____
                                      **Elaine E. Bucklo**
                                      United States District Judge

Dated: July 5, 2012